IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

LANCE STOUT, individually, and as
Guardian of C.S., a minor child, as
Administrator of the Estate of Stacey
Michelle Stout and as individuals, and
BARBRE STOUT, individually, and as
Guardian of C.S., a minor child, as
Administrator of the Estate of Stacey
Michelle Stout and as individuals[1]

 Plaintiffs,

V.                       Case No. 13cv753 WJ/GBW

UNITED STATES OF AMERICA ex rel UNITED STATES
MARSHAL'S SERVICE;
STATE OF OKLAHOMA ex rel OKLAHOMA HIGHWAY PATROL;
STATE OF OKLAHOMA ex rel OKLHOMA BUREAU
OF NARCOTICS AND DANGEROUS DRUGS;
STATE OF OKLAHOMA ex rel OKLAHOMA DEPARTMENT
OF CORRECTIONS, PROBATION & PAROLE;
BOARD OF COMMISSIONERS OF POTTAWATOMIE COUNTY,
OKLAHOMA ex rel POTTAWATOMIE COUNTY
SHERIFF'S DEPARTMENT;
BOARD OF COMMISSIONERS OF LOGAN COUNTY,
OKLAHOMA ex rel LOGAN COUNTY SHERIFF'S DEPARTMENT;
BOARD OF COMMISSIONERS OF CLEVELAND COUNTY,
OKLAHOMA ex rel CLEVELAND COUNTY SHERIFF'S DEPARTMENT;
BOARD OF COMMISSIONERS OF CANADIAN COUNTY,
OKLAHOMA ex rel CANADIAN COUNTY SHERIFF'S DEPARTMENT
CITY OF OKLAHOMA CITY, OKLAHOMA, a municipal
corporation, ex rel OKLAHOMA CITY POLICE DEPARTMENT;
CALLEN STEPHENS, individually and in his official capacity;
TARAN GROOM, individually and in his official capacity;
JAMES LEONE, individually and in his official capacity;
DANNY LONG, individually and in his official capacity;
CHAD POPE, individually and in his official capacity;

---

[1] Plaintiffs' Complaint is improperly captioned. Plaintiffs' Complaint only articulates claims based upon a violation of the decedent, Stacey Michelle Stout's constitutional rights. There are no claims asserted on behalf of Lance Stout, Barbre Stout, or C.S. individually. Plaintiffs' Complaint mistakenly asserts that Plaintiffs were subjected to violence and death, however, the factual portion of Plaintiffs' Complaint only asserts that the decedent was physically harmed by Defendants.

**ED GRIMES, individually and in his official capacity;**
**KEVIN JOHNSON, individually and in his official capacity,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS AND CLAIMS AGAINST OKLAHOMA CITY

**THIS MATTER** comes before the Court upon Defendant Officer Kevin Johnson and Defendant Oklahoma City's Motion to Dismiss Defendant Officer in his Official Capacity Only and Defendant City's Motion to Dismiss and Brief in Support, filed August 12, 2013 (**Doc. No. 8**). Having considered Defendants' Motion and the applicable law[2], the Court finds that Defendants' motion is well-taken and, therefore, is GRANTED.

### Background

This action brought pursuant to 18 U.S.C. §§1983, 1985, 1986 arises from the death of Stacey Michelle Stout ("Stacey"). On April 9, 2013 Stacey was at a Motel 6 located in Oklahoma City, Oklahoma. Stacey was shot and killed by members of the U.S. Marshal's Metro Fugitive Task Force. This Task Force was staffed by members of various agencies, including: United States Marshal's Service, Oklahoma Department of Corrections, Probation & Parole, the Oklahoma Highway Patrol, the Oklahoma Bureau of Narcotics and Dangerous Drugs, the Pottawatomie County Sheriff's Department, the Canadian County Sheriff's Department, the Cleveland County Sheriff's Department, and the Oklahoma City Police Department. Task Force Members are also believed to include the individually named Defendants. Plaintiffs contend that Defendants deprived Stacey of her Fourth, Fifth, and Fourteenth Amendment rights in violation

---

[2] Plaintiffs failed to respond to Defendants' Motion within the time proscribed by the local rules of this Court. Accordingly, Plaintiff is deemed to have consented to the granting of this Motion. See LCvR7.1(g) "Each party opposing a motion shall file a response within 21 days after the date the motion was filed. Any motion that is not opposed within 21 days may, in the discretion of the Court, be deemed confessed."

of 42 U.S.C. § 1983 ("Section 1983"). Plaintiffs further contend that Defendants conspired to deprive Stacey of her constitutional rights in contravention of 42 U.S.C. § 1985 ("Section 1985"). Finally, Plaintiffs contend that Defendants failed to prevent others from depriving Stacey of her constitutional rights contrary to 42 U.S.C. § 1986 ("Section 1986").

## Discussion

### I. Legal Standard

Fed. R. Civ. P. 12(b)(6) allows a defense for "failure to state a claim upon which relief can be granted." In asserting a claim, the claimant must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp.v. Twombly, 550 U.S. 544, 570 (2007). A claim challenged by a 12(b)(6) motion to dismiss does not require detailed factual allegations, but must set forth "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." Id. at 555 "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [claimant's] complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). This pleading requirement serves two purposes. First, it ensures that defendants know "the actual grounds of the claim against them," and can therefore prepare a defense. Bryson v. Gonzales, 534 F.3d 1282, 1287 (10th Cir. 2008). Second, it "avoid [s] ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim. Id. All well-pleaded factual allegations in the complaint are accepted as true, see Ash Creek Mining Co., 969 F.2d at 870, and viewed in the light most favorable to the nonmoving party, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. Plaintiffs' Official Capacity Claims Against Officer Johnson Fail as a Matter of Law.

3

Plaintiffs plead all of counts of their Complaint against Officer Johnson in his official capacity. However, Plaintiffs allege those same claims against the municipality that employs Officer Johnson, Oklahoma City. The official capacity claims against Officer Johnson are duplicative of the claims against Oklahoma City. "[A] § 1983 action appropriately is pleaded against a municipality *either* by naming the municipality itself *or* by naming a municipal official in his or her official capacity." Vondrak v. City of Las Cruces, CIV.05-0172 JB/LFG, 2009 WL 1300945, *2 (D.N.M. Mar. 30, 2009) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)) (emphasis added). An action filed against a state official in his or her official capacity is simply another way of pleading an action against an entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165 (1985). See also Griess v. Colorado, 841 F.2d 1042, 1045 (10th Cir. 1988) ("An official capacity suit is treated as a suit against the state."). Courts routinely dismiss official capacity claims as redundant of the claims against the municipal entity itself. Vondrak, CIV.05-0172 JB/LFG, 2009 WL 1300945, *2 (D.N.M. Mar. 30, 2009) (dismissing official capacity claims against individual state actors as redundant of claims against municipality); Doe v. Douglas Cnty. Sch. Dist. RE-1, 775 F. Supp. 1414, 1416 (D. Colo. 1991) (same). Accordingly, Plaintiffs' official capacity claims against Officer Johnson as set forth in Counts I, II, and III of Plaintiffs' Complaint are dismissed with prejudice.

## III. Plaintiffs' Complaint Fails to Plead Their Section 1983 Claim Against Oklahoma City With Sufficient Specificity

Oklahoma City alleges Plaintiffs have failed to sufficiently plead a Section 1983 claim against Oklahoma City. Plaintiffs' entire factual basis for their claims states:

> On or about April 9, 2013, near the Motel 6 located at 1337 SE 44th St, Oklahoma City, Oklahoma County, Oklahoma, Stacey Michelle Stout was shot and killed by members of the U.S. Marshals Metro Fugitive Task Force. This Task Force included one or more members of the United States Marshal's Service, Oklahoma Department of Corrections, Probation & Parole, the Oklahoma

4

> Highway Patrol, the Oklahoma Bureau of Narcotics and Dangerous Drugs, the Pottawatomie County Sheriff's Department, the Canadian County Sheriff's Department, the Cleveland County Sheriff's Department, and the Oklahoma City Police Department, who, at this time, are believed to be Deputy U.S. Marshal Callen Stephens, Deputy U.S. Marshal Taran Groom, OBNDD Agent James Leone, OHP Trooper Danny Long, Pottawatomie County Deputy Sheriff Chad Pope, Canadian County Deputy Sheriff Ed Grimes, OCPD Sgt. Kevin Johnson, and unknown others.

**(Doc. No. 1)**, ¶ 22.

Plaintiffs' Complaint falls woefully short of the standard articulated in <u>Twombly</u>. Plaintiffs' Complaint alleges that Stacey was unlawfully killed, but does not allege why or how her death was unconstitutional. The fact that she was killed by law enforcement officers does not, in and of itself, establish any liability on the part of Oklahoma City. Law enforcement officers are permitted to use force, even deadly force, against citizens if the amount of force is objectively reasonably under the circumstances. See <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989). Defendants' use of force that resulted in Stacey's death is only unconstitutional under the Fourth Amendment if it was objectively unreasonable under the circumstances. Plaintiffs fail to identify how or why Defendants' conduct violated Stacey's rights. "[I]f the complaint is sufficiently devoid of facts necessary to establish liability that it encompass[es] a wide swath of conduct, much of it innocent, a court must conclude that plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" <u>Bryson</u>, 534 F.3d at 1286 (quoting <u>Twombly</u>, 127 S.Ct. at 1974). Here, Plaintiffs have failed to show a plausible claim for relief because they failed to describe why or how Stacey's death was a result of a constitutional violation.

Plaintiff's Section 1983 claims based upon a violation of her Fifth and Fourteenth Amendment rights are similarly flawed. It is not clear what portion of the Fifth or Fourteenth Amendments Plaintiffs are referring to in support of their Section 1983 claims. Plaintiffs' Complaint generally alleges that Stacey's rights to life, liberty and property and equal protection

5

of the laws were violated, but it does not provide any factual support as to why or how Defendants' actions violated those rights. Plaintiffs' Section 1983 Fifth and Fourteenth Amendment claims fail to provide Defendants with any notice of the actions that were allegedly unconstitutional. The Court "need not speculate, because the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008).

The second glaring defect of Plaintiffs' Complaint is also that it fails to allege that Oklahoma City had any participation in Stacey's death. First, Plaintiff's Complaint fails to identify which members of the Task Force actually shot Stacey or actively participated in the events that led to her death. Plaintiffs fail to identify a single Oklahoma City employee who personally participated in Stacey's death. Plaintiffs' allegations regarding members of the Task Force generally are insufficient, because not only does the Task Force include several individuals, it also includes several agencies. The Tenth Circuit precedent regarding such general allegations against groups of Defendants is abundantly clear; these claims are not sufficient to withstand a 12(b)(6) motion. Robbins, 519 F.3d at 1250 (granting Defendants' 12(b)(6) motion and noting, "[g]iven the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.); Bridges v. Lane, 351 F. App'x 284, 287 (10th Cir. 2009) (affirming district court's grant of motion to dismiss where, "[Plaintiff] claim[ed] to have been unreasonably seized but admits he does not know what entity actually arrested him. Accordingly, we agree with the district court that [Plaintiff's] complaint does not adequately state any claim for relief under § 1983 or Bivens); VanZandt v. Oklahoma Dept. of

Human Services, 276 F. App'x 843, 849 (10th Cir. 2008) (dismissing Complaint for failure to state a claim when Complaint referred generally to Defendants assigned to a certain office and stating, "[t]his Court, however, does not need to speculate as to the identity of the Defendants these allegations are levied against."); and Jenkins v. Wood, 81 F.3d 988, 995 (10th Cir. 1996) (dismissing Plaintiff's Complaint where Plaintiff alleged generally that members of a task force violated his rights but failed to identify which members committed which allegedly unconstitutional act and refusing to hold Defendant responsible simply for being a part of the group that was on scene when the alleged constitutional violations occurred).

Even if Plaintiffs' Complaint adequately identified an Oklahoma City employee who participated in the events leading to Stacey's death, Oklahoma City is not vicariously liable for the actions of its employees. A municipality may not be held liable under Section 1983 simply because it employs a person who violated a plaintiff's federally protected rights. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694, (1978). To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged. City of Canton v. Harris, 489 U.S. 378, 385 (1989). If the plaintiff asserts the alleged custom or policy comprised a failure to act, he or she must demonstrate the municipality's inaction resulted from "deliberate indifference to the rights" of the plaintiff. Id., 489 U.S. at 389. More specifically, if the inaction theory rests on an alleged failure to train, the plaintiff must prove "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need" for additional training. Id. at 390. Ordinarily, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability." Butler v. City of Norman, 992 F.2d

1053, 1055 (10th Cir.1993). In the case where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued. Pembaur v. City of Cincinnati, 475 U.S. 469, 483-85 (1986); Butler, 992 F.2d at 1055 (the plaintiff must prove the single incident was "caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker"). Plaintiffs' Complaint provides no factual basis for a municipal liability claim against Oklahoma City; there is no allegation that Oklahoma City failed to train any employees who violated Stacey's constitutional rights, that Oklahoma City had a practice or a pattern of depriving citizens of their constitutional rights, or that a custom or policy caused the deprivation of Stacey's civil rights.

Plaintiffs' Section 1983 allegations are abysmally deficient. Plaintiffs fail to describe the "how" and "why" of the alleged constitutional violations, because Plaintiffs do not detail the allegedly unconstitutional actions with even a modest degree of specificity. Plaintiffs also failed to identify the "who", as in who from Oklahoma City allegedly violated Stacey's constitutional rights. Even assuming that Plaintiffs' allegations against Defendants generally were sufficient to identify an Oklahoma City employee, Plaintiffs' Complaint is utterly devoid of support for a municipal liability claim. Accordingly, Count I of Plaintiffs' Complaint against Oklahoma City is dismissed without prejudice.

**IV.  Plaintiffs' Complaint Does Not Sufficiently Set Forth a Claim for Conspiracy to Interfere with Civil Rights**

In order to state a claim under 42 U.S.C. § 1985(3)[3] ("Section 1985"), a plaintiff must show:

---

[3] Par for the course, Plaintiffs' Complaint does not indicate what section of Section 1985 their claims arise under, but because Plaintiffs' claims mirror the language of Section 1985(3), the Court assumes this is the section they intend to bring their claims under.

> To come within the legislation a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of (the) conspiracy," whereby another was (4a) "injured in his person or property," or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

Holmes v. Finney, 631 F.2d 150, 153 (10th Cir. 1980). Section 1985(3) "does not apply to all tortious, conspiratorial interferences with the rights of others, but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus. Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993) (citation omitted).

Plaintiffs' Count II which describes Plaintiffs' Section 1985 claim is a formulaic recitation of some of the above-listed elements. Plaintiffs do not describe with any particularity: 1) the actors allegedly involved; 2) the act allegedly in furtherance of the conspiracy; or 3) the specific constitutional deprivation that occurred. Plaintiffs completely ignore the requirement that the conspiracy be motivated by racial or class based animus and make no allegations whatsoever regarding this requirement. Plaintiffs' Complaint fails to state any viable Section 1985 claim, let alone a claim particularly against Oklahoma City. Plaintiffs' Complaint does not provide any indication to Oklahoma City of the conspiracy claims against it. "Underlying facts are not provided to show that plaintiff[s'] conclusory statements of a conspiracy are more than mere speculation on [their] part." Mondonedo v. Henderson, 12-3082-SAC, 2012 WL 3245440, *8 (D. Kan. Aug. 9, 2012). "The complaint as a whole is utterly devoid of fact allegations showing the requisite meeting of the minds and an 'agreement' between defendants to commit acts that would violate plaintiff[s'] federal constitutional rights." Id. Having failed to allege a Section 1985 conspiracy, there is no viable Section 1986 claim for failure to stop the conspiracy.

See Santistevan v. Loveridge, 732 F.2d 116, 118 (10th Cir. 1984) ("Hence, there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985."). Accordingly, Counts II and III of Plaintiffs' Complaint against Oklahoma City are dismissed without prejudice.

## VI. As a Matter of Law, Punitive Damages are Not Recoverable Against Municipal Entities Under Section 1983

Plaintiffs request punitive damages against all Defendants including Oklahoma City. Oklahoma City is a municipal entity. As a matter of law, punitive damages are not recoverable against municipal entities in Section 1983 actions. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."). Accordingly, Plaintiffs' punitive damages claim against Oklahoma City is dismissed with prejudice.

**THEREFORE, IT IS ORDERED**, that Defendant Officer Kevin Johnson and Defendant Oklahoma City's Motion to Dismiss Defendant Officer in his Official Capacity Only and Defendant City's Motion to Dismiss and Brief in Support **(Doc. No. 8)** is **GRANTED**, and Counts I, II, III of Plaintiffs' Complaint against Oklahoma City are dismissed without prejudice. Plaintiffs' punitive damages claim against Oklahoma City is dismissed with prejudice. Finally, Plaintiffs' official capacity claims against Officer Johnson are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE