## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

**LANCE STOUT, individually, and as
Guardian of C.S., a minor child, as
Administrator of the Estate of Stacey
Michelle Stout and as individuals, and
BARBRE STOUT, individually, and as
Guardian of C.S., a minor child, as
Administrator of the Estate of Stacey
Michelle Stout and as individuals**[1]

    **Plaintiffs,**

v.                                                                            **No. 13cv753 WJ/GBW**

**UNITED STATES OF AMERICA ex rel UNITED STATES
MARSHAL'S SERVICE, et al.,**

    **Defendants.**

`

## ORDER ADOPTING MAGISTRATE JUDGE'S ORDER
## AND RECOMMENDED DISPOSITION
## AND
## ORDER DISMISSING WITHOUT PREJUDICE U.S. MARSHAL'S SERVICE
## FOR FAILURE TO EFFECTUATE PROPER SERVICE OF PROCESS

**THIS MATTER** comes before the Court upon United States Magistrate Judge Gregory Wormuth's Order to Effect Proper Service and Recommended Disposition Should Plaintiff Not Comply (**Doc. No. 44**), entered January 22, 2014 ("Judge Wormuth's Order"). No objections were filed to this Order even though the time for doing so has since passed. Having considered Judge Wormuth's Order and the applicable law, the Court hereby adopts the findings made in Judge Wormuth's Order and adopts Judge Wormuth's proposed disposition of this matter.

---

[1] Plaintiffs' Complaint is improperly captioned. Plaintiffs' Complaint only articulates claims based upon a violation of the decedent, Stacey Michelle Stout's constitutional rights. There are no claims asserted on behalf of Lance Stout, Barbre Stout, or C.S. individually. Plaintiffs' Complaint mistakenly asserts that Plaintiffs were subjected to violence and death, however, the factual portion of Plaintiffs' Complaint only asserts that the decedent was physically harmed by Defendants.

## Background

This action brought pursuant to 42 U.S.C. §1983 arises from the death of Stacey Michelle Stout ("Stacey"). According to Plaintiffs' Complaint, on April 9, 2013 Stacey was at a Motel 6 located in Oklahoma City, Oklahoma. Stacey was shot and killed by members of the U.S. Marshal's Metro Fugitive Task Force. This Task Force was staffed by members of various agencies, including: United States Marshal's Service, Oklahoma Department of Corrections, Probation & Parole, the Oklahoma Highway Patrol, the Oklahoma Bureau of Narcotics and Dangerous Drugs, the Pottawatomie County Sheriff's Department, the Canadian County Sheriff's Department, the Cleveland County Sheriff's Department, and the Oklahoma City Police Department. Task Force Members are also believed to include the individually named Defendants. Plaintiffs contend that Defendants deprived Stacey of her Fourth, Fifth, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 ("Section 1983").

Plaintiffs filed the Complaint on July 19, 2013. See (**Doc. No. 1**). An electronic summons was issued as to Defendant Marshal's Service on July 22, 2013. No certificate of service regarding the complaint was filed with the Court. On August 9, 2013, Assistant United States Attorney Scott Maule entered his appearance on behalf of the United States Marshal's Service. See (**Doc. No. 5**). On the same date, Mr. Maule filed a Motion for Extension of Time requesting that the Court extend the deadline by which the United States was required to file an answer or other pleading, noting that the United States had not yet been properly served. See (**Doc. No. 6**). On December 9, 2013, Defendant Marshal's Service filed a Motion to Set Aside the Initial Scheduling Order, stating that it remained unserved. See (**Doc. No. 37**). On January 2, 2014, Judge Wormuth granted Defendant's Motion and issued an order directing Plaintiffs to show cause by January 15, 2014 why the Complaint should not be dismissed without prejudice

as to Defendant Marshal's Service for failure to serve the Complaint within the time provided by law. See **(Doc. No. 41)**. On January 15, 2014, Plaintiffs responded stating that they had accomplished service by mail by sending the summons and complaint to the United States Marshal's Service, Office of General Counsel in Washington D.C. on July 22, 2013, and that it was received and signed for on July 29, 2013. See **(Doc. No. 43-1)**, Exhibit 1 to Plaintiffs' Response to Order to Show Cause. As noted in Judge Wormuth's Order, Plaintiff's response to the Order to Show Cause did not demonstrate that Plaintiff had properly served Defendant Marshal's Service. See **(Doc. No. 44)**, at p. 2 (noting that Plaintiffs had failed to properly serve Defendant Marshal's Service). Judge Wormuth gave Plaintiffs seventeen (17) days from the entry of his Order, or until February 10, 2014, to properly serve Defendant Marshal's Service. On February 13, 2014, Defendant Marshal's Service provided notice to the Court that Plaintiffs have yet to effectuate service. See **(Doc. No. 45)**.

Accordingly, the Court finds that Plaintiffs have failed to properly serve Defendant Marshal's Service within the time proscribed by the Federal Rules of Civil Procedure, despite being warned of their deficiency on several occasions and being given a chance to cure this failure, thus Plaintiffs have not shown good cause for their failure. See Fed. R. Civ. P. 4 (m) ("If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless good cause is shown for the failure")[2]. Therefore, the Court hereby **DISMISSES WITHOUT PREJUDICE** the claims against Defendant Marshal's Service.

---

[2] The Court is at a complete loss to understand how Plaintiffs' counsel could not effectuate proper service on the U.S. Marshal's Service considering the detailed explanation Judge Wormuth provided in his order on how to effectuate proper service on the United States and its agencies pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE