IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LANCE STOUT, *et al.*

    Plaintiffs,

v.                                                                               CIV. No. 13-753 WJ/GBW

UNITED STATES MARSHALS SERVICE, *et al.*,

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on the Court's Order to Show Cause. *Doc. 51.* I recommend that the Court dismiss the case without prejudice under Federal Rule of Civil Procedure 41(b) both for failure to prosecute and for failure to comply with a court order.

**I.**      **BACKGROUND**

Plaintiffs filed the instant § 1983 action on July 19, 2013. *Doc. 1.* On February 27, 2014, the Court set an initial scheduling conference in this matter, requiring that Plaintiffs file a Joint Status Report (JSR) by March 31, 2014, and that the parties appear for a telephonic Rule 16 conference on April 14, 2014 at 10:30 a.m. CST. *Doc. 47.*

Plaintiffs neither filed a JSR nor appeared at the Rule 16 conference. The Court subsequently issued an order to show cause against Plaintiffs on April 18, 2014, ordering that they show cause why the Complaint should not be dismissed for failure to comply with the Court's order and failure to prosecute. *Doc. 51* at 2. Plaintiffs were

advised that "[f]ailure to respond to [the Order to Show Cause] shall constitute an independent basis for dismissal." *Id*. at 2. The time to respond to the Order lapsed on April 25, 2014, with no response from Plaintiffs. *Id.*

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that where "[a] plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Tenth Circuit has held that Rule 41(b) also permits courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute and/or comply with a court order. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). However, a court should not dismiss an action without prejudice where dismissal would force a plaintiff to refile after the applicable statute of limitations has run. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

## III. ANALYSIS

Dismissal without prejudice is warranted here because, by failing to comply with either the Court's initial scheduling order or the Court's Order to Show Cause, Plaintiffs have demonstrated a lack of interest in prosecuting their case.

It appears on the face of the Complaint that Plaintiff's cause of action arose at the earliest in April, 2013. *See doc. 1* at 6. The statute of limitations for § 1983 claims brought within Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Thus, Plaintiff's cause of action would not be barred by the applicable statute of limitations until April, 2015. Dismissal of Plaintiff's complaint without prejudice would not, therefore, effectively result in a dismissal with prejudice.

## IV. CONCLUSION

Plaintiffs have failed to respond to Court's Initial Scheduling Order and Order to Show Cause. This inaction demonstrates a failure to prosecute justifying dismissal. Dismissal of this action at the current time will not result in Plaintiffs' inability to refile this action on the basis of a statute of limitations bar. For those reasons, I recommend that Plaintiffs' complaint be DISMISSED without prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**